**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ALVIN RAY,

    Petitioner,                                  Civil No. 05-73544
                                                  Crim. No. 01-CR-80879
v.                                                      Hon. Gerald E. Rosen

UNITED STATES OF AMERICA,

    Respondent.

_____/

**ORDER GRANTING GOVERNMENT'S MOTION
TO DISMISS PETITIONER'S MOTION TO MODIFY SENTENCE**

At a session of said Court, held in
the U.S. Courthouse, Detroit, Michigan
on               July 31, 2009

PRESENT:  Honorable Gerald E. Rosen
                      Chief Judge, United States District Court

On April 18, 2005, Petitioner Alvin Ray was sentenced to 48 months of imprisonment following his plea of guilty to a single count of being a felon in possession of a firearm. Petitioner did not pursue an appeal from his conviction and sentence. He has completed serving his term of imprisonment, and is currently on supervised release.

Just a few months after he was sentenced, Petitioner filed a motion in which he ostensibly sought relief from his conviction and sentence pursuant to 28 U.S.C. § 2255. In this form motion, Petitioner claimed (i) that his counsel failed to advise him of his right to appeal his conviction and sentence, (ii) that his counsel failed to comply with his request to file a notice of appeal, (iii) that his conviction was obtained through a double

jeopardy violation, and (iv) that his counsel failed to advise him, in connection with his guilty plea, that the statute of limitations had run on the felon-in-possession charge to which he pled guilty.  Petitioner's motion was unaccompanied by any sort of brief or other submission in which he elucidated his claims or provided any evidentiary support for these claims.  Rather, several months later, Petitioner filed a document captioned "Memorandum of Law and Affidavits in Support of Attached," in which he failed to address any of the claims asserted in his earlier motion, but instead argued for a reduction in his sentence pursuant to Fed. R. Crim. P. 35.  Despite its caption, this submission was unaccompanied by any affidavits.

On April 1, 2009, the Court directed the Government to respond to Petitioner's motion.  In lieu of responding on the merits to the claims ostensibly advanced in this motion, the Government has filed a May 26, 2009 motion seeking the dismissal of Petitioner's motion.  In support of this request, the Government contends that Petitioner's motion is most appropriately construed as brought under Rule 35, and not 28 U.S.C. § 2255, and it argues that any such request for relief under Rule 35 must be denied as untimely.  By order dated June 18, 2009, Petitioner was instructed to respond to the Government's motion within 30 days, but he has failed to avail himself of this opportunity to file a response.

Having reviewed the Government's unopposed motion and the record as a whole, the Court concludes that this motion should be granted.  As the Government correctly observes, Petitioner has failed to support the bare-bones claims in his § 2255 motion with

any sort of factual development or legal argument whatsoever, and it is not the duty of this Court to marshal evidentiary support or formulate arguments on Petitioner's behalf. Moreover, it seems evident from the memorandum that eventually followed Petitioner's motion that his principal intent was to secure a reduction in his 48-month term of imprisonment, and not to challenge the legality of his underlying conviction or sentence. Under these circumstances, the Court agrees with the Government that Petitioner's motion is properly construed as a motion for a reduction in his sentence pursuant to Rule 35, and not a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

It readily follows that this request for relief under Rule 35 must be denied as untimely. Under the plain language of this Rule, a court may correct certain types of errors in a sentence only "[w]ithin 7 days after sentencing." Fed. R. Crim. P. 35(a).[1] Petitioner's motion was filed nearly five months after his sentencing, and thus is untimely. In any event, he has not identified any error of the sort that may be corrected under Rule 35(a).[2] Accordingly,

---

[1] Subsection (b) of this Rule also authorizes a court to reduce a sentence "[u]pon the government's motion," but no such motion has been filed here.

[2] And, as noted, Petitioner has already completed his term of imprisonment.

NOW, THEREFORE, IT IS HEREBY ORDERED that the Government's May 26, 2009 motion to dismiss (docket #27) is GRANTED.  IT IS FURTHER ORDERED, for the reasons set forth above, that Petitioner's September 15, 2005 motion to vacate, set aside, or correct his sentence (docket #20) is construed as a motion brought under Fed. R. Crim. P. 35, and is DENIED as untimely filed and as otherwise lacking in merit.

                                          s/Gerald E. Rosen
                                          Chief Judge, United States District Court

Dated:  July 31, 2009

## CERTIFICATE OF SERVICE

I hereby certify that on      July 31, 2009     , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:                     John Engstrom                                                            ,
and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:
            Alvin Ray, 9241 Genesee, Detroit, MI 48206    .

                                          s/Ruth A. Brissaud
                                          Ruth A. Brissaud, Case Manager
                                          (313) 234-5137